IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01773-PAB-NRN

JUSTIN A. JEFFERSON,

    Plaintiff,

v.

MOSES ANDRE STANCIL, Director of the State of Colorado Department of Corrections,
CHRIS LOBANOV-ROSTOVSKY, Head of the Sex Offender Management Board,
AMANDA RETTING, Head Administrator of the Sex Offender Management Program,
SIOBHAN BARTLOW, Warden of Fremont Correctional Facility,
SHANNON FOLTZ, Therapist at Fremont Correctional Facility,
JAMES BAILEY, Therapist at Fremont Correctional Facility, and
J.R. HALL, Head of the Parole Board,

    Defendants.

---

**ORDER**

---

This matter comes before the Court on the Report and Recommendation on CDOC Defendants' Motion to Dismiss Third Amended Complaint [Docket No. 65]. The recommendation addresses the defendants' Motion to Dismiss Third Amended Complaint [Docket No. 46]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**I. BACKGROUND**

The facts are set forth in the assigned magistrate judge's recommendation, Docket No. 65 at 2-5, and the Court adopts them for the purpose of ruling on the objections. Plaintiff Justin Jefferson alleges five claims against the defendants, all of whom are employees of the Colorado Department of Corrections, the Colorado State Parole Board, or the Sex Offender Management Board of the Colorado. *See generally*

Docket No. 23.  Mr. Jefferson's complaint challenges the constitutionality of various aspects of Colorado's Sex Offender Treatment and Monitoring Program ("SOTMP").  *Id.*

Defendants moved to dismiss Mr. Jefferson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Docket No. 46.  On October 22, 2024, the magistrate judge issued a report and recommendation and recommended that the Court grant the defendants' motion.  Docket No. 65 at 1.  Mr. Jefferson timely objected to the recommendation, Docket No. 67, and defendants filed a response to the objection.  Docket No. 68.  Defendants J.R. Hall and Chris Lobanov-Rostovsky timely objected to the recommendation, Docket No. 66, and Mr. Jefferson did not file a response.

## II.  LEGAL STANDARD

### A.  Review of a Magistrate Judge's Recommendation

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party

2

objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than de novo review. Fed. R. Civ. P. 72(b). Because Mr. Johnson is proceeding pro se, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B. Motion to Dismiss under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). A court, however, does not need to accept conclusory allegations. *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th

3

Cir. 1994) ("we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### III. ANALYSIS

#### A. Plaintiff's Objections

##### 1. Objection One

Mr. Jefferson's first objection takes issue with the magistrate judge's analysis of his due process claims. Docket No. 67 at 1-2. Mr. Jefferson argues that the recommendation focuses on whether Mr. Jefferson was denied access to SOTMP treatment because of his ongoing appeal, when instead it should focus on 1) whether he was denied access to treatment because of his claim of innocence from his conviction

4

and 2) whether continuous denials of access to treatment violate his rights. *Id.* Mr. Jefferson further argues that "the question here falls not on whether it is constitutional to have conditions, but whether the conditions are constitutional to deny the Plaintiff his protected liberty interest and violate his Rights, which they are not." *Id.* at 2.

First, the Court agrees with the magistrate judge's analysis that the conditions for entry into the SOTMP program are constitutional. *See* Docket No. 65 at 9-12, 14-16 (discussing substantive due process issues; discussing Fifth Amendment issues).

Second, the Court agrees with the magistrate judge's finding, *id.* at 13-14, that Mr. Jefferson does not have standing to bring his due process claims. "To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Brown v. Buhman*, 822 F.3d 1151, 1164 (10th Cir. 2016) (internal quotations and citation omitted). The third component of standing – redressability – is not met here. Mr. Jefferson is not currently being denied access to SOTMP; as the defendants explained at the motion hearing, Mr. Jefferson is currently on the waiting list for open spots in the SOTMP program. Docket No. 65 at 12-13 (recounting statements made at the motion hearing). The only possible denial of treatment in this case is the denial that occurred in 2020 due to Mr. Jefferson's ongoing appeal. Docket No. 23 at 4. But a Court can only remedy past violations of the law via monetary relief, not injunctive relief. *See Hale v. Ashcroft*, 683 F. Supp. 2d 1189, 1197 (D. Colo. 2009) (citing *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1155 n. 6 (10th Cir. 2005)). Yet Mr. Jefferson requests only injunctive relief against the defendants that he

alleges were involved in the 2020 denial. Docket No. 23 at 28-29. Given that the Court cannot provide the relief Mr. Jefferson requests, the Court agrees that Mr. Jefferson lacks standing. The Court will overrule this objection.

### 2. Objection Two

Mr. Jefferson's second objection focuses on the constitutionality of the SOTMP requirements of admitting to the crime of which he was convicted, disclosing his sexual history, and submitting to a polygraph examination. Docket No. 67 at 3-5. Mr. Jefferson argues that the offense he was charged with "is a 50/50 case of an accuser's word versus the Plaintiff's word," and that it is inevitable that there will be individuals like him who are convicted for crimes they did not commit and then are forced to admit to those crimes in order to be released. *Id.* at 3-4.

To support his argument, Mr. Jefferson cites the plurality opinion in *McKune v. Lile*, 536 U.S. 24 (2002), which upheld the constitutionality of a Kansas sex offender treatment program with similar requirements to SOTMP. *Id.* at 4-5. Mr. Jefferson notes that *McKune* involved an inmate with a determinate sentence and argues that the Supreme Court might be less likely to uphold such a program as applied to people serving indeterminate sentences like his. *Id.* at 4. The Court does not, however, need to speculate as to how *McKune* might apply to the SOTMP because the Tenth Circuit has already upheld the relevant SOTMP requirements. *See Doe v. Heil*, 533 F. App'x 831, 833-41 (10th Cir. 2013) (unpublished) (citing *Searcy v. Simmons*, 299 F.3d 1220, 1228 (10th Cir. 2002)). The Court will overrule this objection.

6

### 3. Objection Three

At end of his objection, Mr. Jefferson writes "the Plaintiff preserves Claims 3 and 5 to be addressed by the ruling authority of the Supreme Court at such time." Docket No. 67 at 5. Mr. Jefferson's third claim is a duplicative claim relating to his access to treatment. *See* Docket No. 23 at 21 (alleging due process violations). His fifth claim asserts that he should be entitled to access sexually explicit materials. *Id.* at 25-28.

The Court finds this objection to be improper because it does not "focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *One Parcel*, 73 F.3d at 1059. "[O]bjections must be specific because only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance." *Zumwalt v. Astrue*, 220 F. App'x 770, 777-78 (10th Cir. 2007) (unpublished) (internal quotations omitted) (holding a series of sentence-long objections to various parts of a recommendation to be insufficient to preserve an issue). By merely stating that he "preserves" the issues, Mr. Jefferson does not "engage the magistrate judge's analysis and offer a reasoned argument as to why the magistrate judge's conclusion was erroneous." *Katrina B. v. Kijakazi*, 2021 WL 3465710, at *3 (N.D. Okla. Aug. 6, 2021) (citing *Zumwalt*, 220 F. App'x at 777-78). As a result, the Court will overrule this objection.[1]

---

[1] Even if the Court were to consider this objection, it would overrule it. The Court agrees with the magistrate judge that plaintiff's third claim is duplicative of his first two claims. *See* Docket No. 65 at 3-4 (explaining the duplicative nature of the third claim). The Court discusses above its agreement with the magistrate judge's recommendation

B. **Defendants' Objection**

The recommendation states that defendants J.R. Hall and Chris Lobanov-Rostovsky "have not been served in this case."  Docket No. 65 at 2 n.3.  Mr. Hall and Mr. Lobanov-Rostovsky object, stating that they have indeed been served and that the magistrate judge granted their request to join the motion to dismiss.  Docket No. 66 at 2.  For this reason, Mr. Hall and Mr. Lobanov-Rostovsky argue that Mr. Jefferson's claims against them should be dismissed as well.  *Id.* at 3.

Unlike the other defendants, who work for the Colorado Department of Corrections ("CDOC"), Mr. Hall works for the Colorado State Parole Board and Mr. Lobanov-Rostovsky works for the Sex Offender Management Board of the Colorado Department of Public Safety.  *Id.* at 1-2.  CDOC waived service for its employees.  Docket No. 30.  On March 11, 2024, the CDOC defendants filed the motion to dismiss that is the subject of the magistrate judge's recommendation.  Docket No. 46.  After being served, Mr. Hall and Mr. Lobanov-Rostovsky appeared on March 15, 2024.  Docket Nos. 50, 51.  The same day, Mr. Hall and Mr. Lobanov-Rostovsky moved to join the CDOC defendants' motion to dismiss.  Docket No. 52.  On March 21, 2024, the magistrate judge granted this motion.  Docket No. 58.

---

to dismiss the first and second claims, and agrees that the third claim should be dismissed for the same reason.  The Court also agrees with the magistrate judge regarding plaintiff's fifth claim.  Prison officials may, in order to advance legitimate penological interests, bar inmates from accessing sexually explicit materials.  *See, e.g.*, *Jones v. Salt Lake Cnty.*, 503 F.3d 1147, 1154-56 (10th Cir. 2007).

8

The Court finds no reason that the claims against Mr. Hall and Mr. Lobanov-Rostovsky should not be dismissed for the same reasons as the CDOC defendants. Therefore, the Court will sustain this objection to the recommendation. The Court will dismiss the claims against Mr. Hall and Mr. Lobanov-Rostovsky.

### C. Non-Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

## IV. CONCLUSION

It is therefore

**ORDERED** that Report and Recommendation on CDOC Defendants' Motion to Dismiss Third Amended Complaint [Docket No. 65] is **ACCEPTED in part**. It is further

**ORDERED** that plaintiff's Objection [Docket No. 67] is **OVERRULED**. It is further

**ORDERED** that Defendants Hall and Lobanov-Rostovsky's Objection to the Magistrate Judge's Recommendation on Their Motion to Dismiss [Docket No. 66] is **SUSTAINED**. It is further

**ORDERED** that defendants' Motion to Dismiss Third Amended Complaint [Docket No. 46] is **GRANTED**. It is further

**ORDERED** that claim one of the third amended complaint is **DISMISSED without prejudice** against all defendants. It is further

**ORDERED** that claim two of the third amended complaint is **DISMISSED with prejudice** against all defendants.  It is further

**ORDERED** that claim three of the third amended complaint is **DISMISSED with prejudice** against all defendants.  It is further

**ORDERED** that claim four of the third amended complaint is **DISMISSED with prejudice** against all defendants.  It is further

**ORDERED** that claim five of the third amended complaint is **DISMISSED with prejudice** against defendants Moses Andre Stancil, Chris Lobanov-Rostovsky, Amanda Retting, Siobhan Bartlow, Shannon Foltz, and James Bailey.[2]  It is further

**ORDERED** that this case is closed.

DATED March 20, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[2] Mr. Jefferson did not name defendant J.R. Hall in claim five of the complaint. *See* Docket No. 23 at 25-26.